# Higbee v. Atlantic City Railroad Co., Appellant.

*Negligence—Railroads—Grade crossing — Collision — Accident happening in New Jersey—Contributory negligence.*

In an action against a railroad company for personal injuries caused by a collision between a train of the defendant company, and a hay wagon, which the plaintiff was driving, in the State of New Jersey, the case should have been taken from the jury, where it appeared that the plaintiff was driving two horses to a wagon loaded with loose hay, and when ninety feet from a diagonal crossing of the defendant's two track road, he stepped from his seat to the pole of the wagon and without stopping his horses looked both ways along the tracks for a train; that he then resumed his seat, where the hay hanging at his sides obscured his vision and interfered with his hearing, and that without further precaution he drove at a slow walk to the crossing and onto the tracks, where a hind wheel of his wagon was struck on the second track by the engine of a passenger train; that at the point where he looked he had an uninterrupted view towards the train of three quarters of a mile, and that his approach to the tracks was at an acute angle, so that his back was towards the train and his view after he resumed his seat was limited to the few feet of track immediately in front of him.

Conkling v. Erie Railroad Co., 63 N. J. Law 338, and Winter v. Railroad Co., 66 N. J. Law 677, followed.

Argued Jan. 19, 1914.   Appeal, No. 312, Jan. T., 1913, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1900, No. 712, on verdict for plaintiff in case of Mark C. Higbee v. Atlantic City Railroad Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

The jury found a verdict for the plaintiff in the sum of $7,500. The defendant moved for a new trial and for judgment non obstante veredicto. The court refused the motion for judgment and directed a remittitur of all above the sum of $2,000, which was filed and judgment entered for the plaintiff in the sum of $2,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant and in overruling motion for judgment non obstante veredicto.

*Wm. Clarke Mason,* for appellant.

*P. F. Rothermel, 3d,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, February 16, 1914:

The plaintiff was driving two horses to a wagon loaded with loose hay, and when ninety feet from a diagonal crossing of the defendant's roads where there were two tracks, he stepped from his seat to the pole of the wagon and without stopping his horses looked both ways along the tracks for a train. He then resumed his seat in the front of the wagon, where the hay hanging at his sides obscured his vision and interfered with his hearing and without further precaution he drove at a slow walk to the crossing and onto the tracks. A hind wheel of his wagon was struck on the second track by the engine of a passenger train. At the point ninety feet from the tracks where he looked, he had an uninterrupted view towards the train of three-quarters of a mile. His approach to the tracks was at an acute angle and his back was towards the train and his view after he had resumed his seat was limited to the few feet of tracks immediately in front of him. From this statement of facts taken from the plaintiff's testimony, it appears that

when ninety feet from the tracks and with that distance plus the length of his wagon and the width of the tracks to go in order to cross in safety, he placed himself where his senses of sight and hearing were of little or no practical avail and drove slowly in front of a train that he could have seen and heard if he had been in a position where he could have looked and listened for it.

The evidence of the defendant's negligence was very slight but if it be assumed that it was sufficient, the plaintiff's contributory negligence defeated a right to recover under the law of New Jersey, where the accident happened. The rule of law in that state does not require a driver to stop before attempting to cross the tracks of a steam railroad but it is not less stringent than ours in requiring the exercise of the faculties of sight and hearing at a point where their use will advise of danger. In Conkling v. Erie Railroad Co., 63 N. J. Law 338, it was said of a driver in an ice wagon with the curtains down, who was injured at a grade crossing, "Under such circumstances the duty of a traveler on the highway does not stop with looking and listening, but he must exercise care to select a position from which an effective observation can be made and he must also exercise care to make the act of looking and listening reasonably effective" and in Winter v. Railroad Co., 66 N. J. Law 677, it was said, "A man is negligent who attempts to drive across a railroad line after looking and listening only once towards a quarter from which a train may approach, if those acts of attention and observation are performed when the observer is so far from the crossing that before he can reach it a train coming from that quarter and open to his further observation and attention has time to advance so as to endanger him." To the same effect is the recent decision in Joyce v. Railroad Co., 83 N. J. Law 608, (1912).

There were no special circumstances that distracted the attention of the plaintiff and relieved him from the duty to continue to look. That his back was towards the

train added to the danger of the situation but it imposed upon him the duty of greater care. He in fact deliberately placed himself where he could not see, and threw the whole burden of care on the engineer.

The judgment is reversed and it is directed that judgment be entered in the Court of Common Pleas for the defendant.